UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO LOPEZ, an individual; EUNICE DELGADILLO, an individual; UMBERTO MENDOZA, an individual; and AVEIA TAUTOLO, an individual, on behalf of themselves and all others similarly situated,<br>　　　　　　　　Plaintiffs,<br>　　　vs.<br>DELTA AIR LINES, INC., a Georgia corporation; and DOES 1 through 50, inclusive,<br>　　　　　　　　Defendants. | Case No. 2:15-cv-07302-SVW (SSx)<br><br>**PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Central District of California's Local Rules, including Civil Local Rule 79-5, sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

A. GOOD CAUSE STATEMENT

This action is likely to involve proprietary business and confidential employee information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Such confidential and proprietary materials and information consist of, among other things, confidential business, commercial or financial information (including information implicating privacy rights of third parties), private information of Defendant's current and former employees who are not parties to this action (including information of these third parties regarding their health, medical, and/or disability status, information regarding their leaves of absence from employment, payroll records, employees' private financial information (including private bank account numbers, W-2, and payroll information), and/or information regarding their separation from employment), that is otherwise generally

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    PROPOSED] PROTECTIVE ORDER
Case No. 2:15-cv-07302-SVW-SS

[PROPOSED] PROTECTIVE ORDER

unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, and medical, personnel and/or financial information regarding the Plaintiffs, including such information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

    2.1   Action: this pending federal lawsuit.

    2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

    2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and including, but not limited to, the names and contact information for putative class members.

    2.4   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2   [PROPOSED] PROTECTIVE ORDER
Case No. 2:15-cv-07302-SVW-SS

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

    2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

   5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party who or which designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   5.2   Manner and Timing of Designations. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

1  proceedings), that the Producing Party affix at a minimum, the legend
2  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
3  contains protected material. If only a portion or portions of the material on a page
4  qualifies for protection, the Producing Party also must clearly identify the protected
5  portion(s) (e.g., by making appropriate markings in the margins).

6       A Party or Non-Party that makes original documents or materials available
7  for inspection need not designate them for protection until after the inspecting Party
8  has indicated which documents it would like copied and produced. During the
9  inspection and before the designation, all of the material made available for
10 inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
11 identified the documents it wants copied and produced, the Producing Party must
12 determine which documents, or portions thereof, qualify for protection under this
13 Protective Order. Then, before producing the specified documents, the Producing
14 Party must affix the "CONFIDENTIAL legend" to each page that contains
15 Protected Material. If only a portion or portions of the material on a page qualifies
16 for protection, the Producing Party also must clearly identify the protected
17 portion(s) (e.g., by making appropriate markings in the margins).

18      (b)  <u>for testimony given in depositions or in other pretrial or trial</u>
19 <u>proceedings,</u> that the Designating Party identify on the record, before the close of
20 the deposition, hearing, or other proceeding, all protected testimony, or by advising
21 the court reporter and all parties of such fact in writing at any time up to and
22 including the seventh day after the date of receipt of the deposition transcript. The
23 Parties agree that deposition testimony concerning material marked
24 "CONFIDENTIAL" shall be deemed Protected Material encompassed within the
25 Protective Order.

26      (c)  <u>for information produced in some form other than documentary and</u>
27 <u>for any other tangible items,</u> that the Producing Party affix in a prominent place on
28 the exterior of the container or containers in which the information or item is stored

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6     [PROPOSED] PROTECTIVE ORDER
      Case No. 2:15-cv-07302-SVW-SS

the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

     5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected after discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

     6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g*., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

     7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7    [PROPOSED] PROTECTIVE ORDER
Case No. 2:15-cv-07302-SVW-SS

conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2   <u>Names and Contact Information of Putative Class Members.</u>  With respect to the names and contact information of putative class members produced subject to this Protective Order, and designated as "CONFIDENTIAL," the following shall apply:

(a)   Plaintiff's counsel shall maintain the names and contact information of the putative class members as private and confidential;

(b)   Plaintiff's counsel agrees not to use the names and contact information of the putative class members to solicit or cause another to solicit any of the putative class members to assert any new claim, charge, or complaint of any kind whatsoever against Defendant or for any other purpose other than for the limited purpose of : (i) seeking information relevant to class certification issues, (ii) Plaintiff's claims as set forth in the Complaint, and/or (iii) Defendant's defenses to Plaintiff's claims as set forth in Plaintiff's Complaint.

(c)   The names and contact information of the putative class members shall <u>not</u> be disclosed to Plaintiffs' themselves.  Rather, only Plaintiff's counsel and those identified in subsection (d) of this section may view this information.

(d)   The names and contact information of the putative class members shall not be disclosed by Plaintiffs' counsel to any other person except the following:  (a) the legal, clerical, paralegal, or other staff of Plaintiff's counsel, who will abide by the terms of this Protective Order; (b) persons retained by Plaintiff's counsel to furnish expert or consulting services or advice in this action, who will abide by the terms of this Protective Order; and (c) the Court and its personnel.  The Parties

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8   [PROPOSED] PROTECTIVE ORDER
Case No. 2:15-cv-07302-SVW-SS

agree that this Paragraph, rather than Paragraph 7.3, shall apply to the disclosure of the names and contact information of the putative class members

7.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, or as separately set forth in Paragraph 7.2, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) Outside court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9 [PROPOSED] PROTECTIVE ORDER
Case No. 2:15-cv-07302-SVW-SS

reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

   (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful subpoena issued in another action.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its

Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. **MISCELLANEOUS**

12.1   Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.  No

modifications by the Parties shall have the force or effect of a Court order unless the Court approves the modification.

  12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. No reference in this Order to a specific category of documents, including but not limited to putative class member contact information, shall be deemed as an admission that such information is relevant or required to be produced in this case. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

  12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, and if confidential material is included in any documents to be filed in Court, such documents shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the documents – or the confidential portion thereof – under seal.  The application shall be directed to the judge to whom the documents are directed. Pending the ruling on the application, the documents or portions thereof subject to the sealing application shall be lodged under seal. Local Rules 79-5.2 and 79-5.3 govern the disclosure of confidential Court records.

  12.4 Agreement to Abide by the Protective Order's Terms.  The Parties understand and agree that during the time between their agreement on the terms of this Protective Order and when the Court approves the Protective Order that they will abide by the agreed-upon terms.  In the event that the Court does not approve the Protective Order, the Parties understand and agree that they will nonetheless continue to honor the terms of the Protective Order.

13. FINAL DISPOSITION

  After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must

return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

Dated: December 30, 2015

By: _____/S/_____
MAGISTRATE JUDGE SUZANNE H. SEGAL

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Reynaldo Lopez, et al. v. Delta Air Lines, Inc.*, Case No. 2:15-cv-07302-SVW-SS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____