IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO LOPEZ et al.<br><br>  Plaintiffs,<br><br>  v.<br><br>DELTA AIRLINES, INC. et al.<br><br>  Defendants. | No. 2:15-cv-07302-SVW-SS<br><br>[Assigned to Hon. Stephen V. Wilson; Magistrate Judge: Hon. Suzanne H. Segal]<br><br>**AMENDED FINAL ORDER AND JUDGMENT** |

Having considered all papers filed in connection with the Final Approval Hearing, including Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Payments (Dkt. 143) and any oral argument made at the Final Approval Hearing, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. For purposes of this Final Order and Judgment ("Judgment"), the Court adopts all defined terms as set forth in the Stipulation of Settlement ("Stipulation") filed in this Action.

2. The Court has jurisdiction over all claims asserted in the Action, Plaintiffs, the Class Members, and Defendant Delta Airlines, Inc. ("Delta").

3. The Court finds that the Settlement was made and entered into in good faith and hereby approves the Settlement as fair, adequate and reasonable to all Class Members. No objections were received. Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

## Class Certification

4. The Court previously certified the Class for the regular rate overtime claim only. (Dkt. 118, p. 10) The Court finds, for purposes of settlement only, that the Class meets the requirements for certification on all other theories under Federal Rules of Civil Procedure, Rule 23, in that: (1) the Class is so numerous that joinder of all members is impractical; (2) there are questions of law and fact that are common to the Class which predominate over individual issues; (3) Plaintiff's claims are typical of the claims of the Class; (4) Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. For purposes of effectuating the Settlement, the Court finally certifies the following Class:

///

///

> All current and former non-exempt employees of Delta Air Lines, Inc., excluding flight attendants and pilots, who worked at any time in California from July 1, 2011 through June 30, 2017, excluding persons who were members of the settlement class in *Andrew Bell v. Delta Air Lines, Inc.*, Case No. 4:13-cv-01199-YGR, USDC, Northern District of California, and who worked no shifts for Defendant after November 20, 2014, the effective release date of claims for the *Bell* settlement class.

5. The certification of the Class is without prejudice to Plaintiffs' and Delta's rights under the Stipulation if the Stipulation and this Judgment do not become effective, as provided in the Stipulation.

6. In the Court's December 16, 2017 Order, Plaintiffs LaDona Narr and Karl Armstrong were appointed as class representatives. (Dkt 118, p. 10.) The Court confirms their appointment for purposes of this settlement.

7. In the Court's December 16, 2017 Order, Matern Law Group, PC and Altshuler Berzon LLP were appointed as Class Counsel. (Dkt 118, p. 10.) The Court confirms their appointment for purposes of this settlement.

### Class Notice

8. Notice to Class Members, as set forth in the Stipulation, has been completed in conformity with the terms of the Stipulation and Preliminary Approval Order as to all Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Notice Packets provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the Settlement. The Notice Packets fully satisfied the requirements of due process.

### Objections and Requests for Exclusion

9. Zero (0) objections to the Settlement were submitted by any Class Members.

///

10. Requests for Exclusion were submitted by twelve (12) Class Members. The Court finds that the following Class Members submitted a valid and timely Request for Exclusion and therefore shall not be bound by the terms of the Stipulation:

1. RAYMOND ANTHONY SULLIVAN
2. JOHN PATRICK DESSERT
3. JOHNNY PETER BANUELOS
4. EVELYN DANIELLE PHIEFER
5. RAFAEL RIOS SANCHEZ
6. JOHN GILBERT MURPHREE
7. DAVID J. ARDINGER
8. JUDY ELLAN MCLACHLAN
9. PATRICIA ANN BANUELOS
10. DAVID G. WAGGONER
11. RICHARD L. KEATING
12. KIMBERLY DEMPSEY

**Release of Claims and Injunction**

11. Plaintiffs and all other Class Members, except the Class Member(s) identified in Paragraph 10 above, shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims as defined by the Stipulation.

12. Plaintiffs and all other Class Members, except the Class Member(s) identified in paragraph 10 above, are hereby enjoined from filing or prosecuting any other cases, claims, suits or administrative proceedings involving Released Claims.

13. This Settlement does not release Plaintiffs Delgadillo, Lopez, Mendoza, and Tautolo's claims in the separate action entitled *Reynaldo Lopez, et al., v. Delta Airlines, Inc.*, C.D. Cal. Case No. 2:16-CV-4497-DSF-AJW.

**Payments Pursuant to the Stipulation**

14. The Court finds that the Gross Settlement Amount, the Net Settlement Amount for each Class Member, and the methodology used to calculate and pay each Class Member's Net Settlement Amount are fair and reasonable, and authorizes the

Settlement Administrator to pay the Net Settlement Amounts to the Class Members in accordance with the terms of the Stipulation.

15. The funds for any check that remains uncashed after one hundred eighty (180) days from the date of issuance will go into a pool of funds to be divided pro rata among all Class Members who previously cashed their payment (unless the Parties agree that the amount is less than $35,000.00, in which case it shall be paid as a cy pres award to the Los Angeles Center for Law and Justice. In such event, the Class Members whose checks remain uncashed after one hundred eighty (180) days, shall nevertheless remain subject to the terms of the Judgment.

16. Class Counsel shall be paid $1,416,667.00 as their attorneys' fees and $171, 942.48 for reimbursement of costs and expenses from the Gross Settlement Amount in accordance with the terms of the Stipulation. The Court finds these amounts to be fair and reasonable and sufficiently supported.

17. Plaintiffs LaDona Narr and Karl Armstrong shall each be paid a Class Representative Service Award in the amount of $10,000.00 from the Gross Settlement Amount in accordance with the terms of the Stipulation. The Court finds this amount to be fair and reasonable and sufficiently supported.

18. The Settlement Administrator shall be paid $45,000.00 from the Gross Settlement Amount for the costs and expenses of administering the Settlement.

19. A payment in the amount of One Hundred Thousand Dollars ($100,000.00) from the Gross Settlement Amount shall be allocated to penalties under The Labor Code Private Attorneys General Act of 2004, California Labor Code sections 2698, *et seq.*, and paid by the Settlement Administrator directly to the California Labor and Workforce Development Agency.

**Other Provisions**

20. The Parties shall implement the Settlement according to its terms.

///

///

21. The Court reserves exclusive and continuing jurisdiction over the Action, Plaintiffs, the Class Members, and Delta for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

22. The Court hereby enters judgment for Plaintiffs and the Class Members in accordance with the terms of the Stipulation, and this order is a final and appealable order.

23. If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

**IT IS SO ORDERED.**

Date: November 30, 2017

_____
Hon. Stephen V. Wilson
United States District Judge